UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NED CUTSHALL<br>421 Andover Road<br>Fairless Hills, Pa 19030<br><br>v.<br><br>ACTION PAK, INC.<br>2550 Pearl Buck Road<br>Bristol, PA  19007 | : CIVIL ACTION<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: NO. |

## COMPLAINT

Plaintiff, Ned Cutshall, by and through his undersigned counsel, hereby submits this Complaint against Action Pak, Inc. ("Action Pak"), and states:

This action arises under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*

## I.  THE PARTIES

1.  Plaintiff is an adult individual residing at 421 Andover Road, Fairless Hills, Pennsylvania.

2.  Defendant Action Pak, Inc. is a corporation with a principal place of business at 2550 Pearl Buck Road, 2550 Pearl Buck Road, Bristol, Pennsylvania.

## II.  JURISDICTION

3.  The Court has jurisdiction over this matter pursuant to the FMLA and 28 U.S.C. § 1367. The Court has subject matter jurisdiction pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1131, without respect to the amount in controversy. 29 U.S.C. § 1132(f).

### III. VENUE

4. Venue is proper in this district pursuant to 29 U.S.C. § 1391(b), because Defendant maintains a principal place of business within the district, and the claims arose in this district.

### IV. STATEMENT OF FACTS

5. Action Pak is a covered employer pursuant to the FMLA.

6. Plaintiff was employed by Action Pak as a Production Supervisor for over sixteen years.

7. On November 18, 2016, Action Pak terminated Plaintiff following his return to work after FMLA leave.

8. Plaintiff was thus employed by Action Pak for more than twelve (12) months and worked in excess of 1250 hours during the twelve months prior to his FMLA leave.

9. Plaintiff was a covered employee pursuant to 29 U.S.C. § 2611.

10. Plaintiff was eligible for FMLA leave at all times relevant hereto.

11. Plaintiff took twelve weeks of leave under the Family and Medical Leave Act from August 15, 2016 to November 1, 2016 to address a serious health condition, that is, a torn Achilles tendon.

12. On November 14, 2016 Plaintiff was absent from work pursuant to a pre-approved request.

13. On November 15, 2016 Plaintiff called out of work to address a family health emergency.

14. Fearing another request for leave, Action Pak terminated Plaintiff's employment.

15. Alternatively, Action Pak terminated Plaintiff in retaliation for his previous FMLA leave.

16. Action Pak asserted that Plaintiff's termination was because of "excessive absenteeism."

17. However, Action Pak never provided any written warning to Plaintiff regarding absenteeism.

18. Action Pak never reprimanded or discussed with Plaintiff in any way any attendance issues.

19. In fact, Action Pak's Employee Handbook contemplates that terminations for excessive absenteeism will be subject to progressive discipline.

20. No such progressive discipline occurred for Plaintiff.

21. In order to understand Action Pak's claim of excessive unexcused absenteeism, while he was still employed, Plaintiff requested to review his personnel file.

22. Action Pak refused the request, in violation of the Inspection of Employment Records Law, 43 P.S. § 1321, *et seq.*

23. Action Pak's refusal to allow Plaintiff to review the personnel file while he was still an employee indicates that the file does not support the claim of excessive unexcused absenteeism.

24. On information and belief, other employees with excessive unexcused absences from work who did not take FMLA leave were not terminated.

25. Thus, Action Pak's asserted reason for termination is a pretext for FMLA retaliation and interference.

26. There was no legitimate business reason for Plaintiff's termination.

27. Action Pak terminated Plaintiff in retaliation for his taking FMLA leave, and to interfere with any anticipated additional requests for FMLA leave.

28. Plaintiff has suffered damages as a result of Action Pak's conduct.

## COUNT I

## VIOLATIONS OF THE FMLA

29. Plaintiff incorporates by reference the foregoing paragraphs as if more fully set forth herein.

30. Defendant violated the FMLA by terminating Plaintiff for the purposes of interfering with his rights under the FMLA.

31. Defendant violated the FMLA by terminating Plaintiff in retaliation for exercising his rights under the FMLA.

32. As a result of Defendants' conduct, Plaintiff suffered a loss of income and employment, and all of the benefits attendant thereto, which damages may continue in the foreseeable future.

WHEREFORE, for all the foregoing reasons, Plaintiff demands judgment in his favor and against Defendant as follows:

    a. Reinstatement, or front pay in lieu thereof;

    b. all wages and benefits to which Plaintiff is entitled pursuant to 29 U.S.C. § 2617(A);

    c. pre- and post-judgment interest thereon pursuant to 29 U.S.C. § 2617(A)(ii);

d.  liquidated damages pursuant to 29 U.S.C. § 2617(A)(iii);

e.  such other relief as the Court deems just and proper.

ANTHEIL, MASLOW & MACMINN, LLP

By: _____
Patricia C. Collins, Esquire
Attorney for Plaintiff
131 W. State Street
Doylestown, PA  18901
(215) 230-7500
pcollins@ammlaw.com
